UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MIGUEL MIRANDA,

           Movant,

    -vs-

UNITED STATES OF AMERICA,

           Respondent.

**DECISION AND ORDER**
**Civil Case**
**No. 6:16-cv-6397-MAT**

**Criminal Case**
**No. 6:07-cr-6191-MAT**

---

Movant Miguel Miranda ("Miranda"), through counsel, has filed a Supplemental Motion to Vacate Under 28 U.S.C. § 2255 ("§ 2255") and Request for Expedited Resentencing ("Supplemental § 2255 Motion") (Docket No. 78) in regards to his original Motion to Vacate the Judgment and Correct the Sentence Under § 2255 (Docket No. 55) based on Johnson v. United States, 135 S. Ct. 2551 (2015). In the Supplemental § 2255 Motion, Miranda contends that his conviction under 18 U.S.C. § 924(c) (Count 5) must be vacated in light of the Supreme Court's recent decision in United States v. Davis, 139 S. Ct. 2319, 2336 (2019).

On February 23, 2010, Miranda pleaded guilty to, inter alia,[1]

---

[1] Miranda also pleaded guilty to Count 1 of the indictment, charging a violation of 18 U.S.C. § 841(a)(1), (b)(1)(C) (possession with intent to distribute cocaine); and Count 4 of the indictment, charging a violation of 18 U.S.C. § 1951(a) (conspiracy to commit Hobbs Act robbery). He was sentenced to 108 months on Counts 1 and 4, those terms to run concurrently. He was sentenced to 60 months on Count 5, that sentence to run consecutive to the other counts. Docket No. Miranda's sentence was later reduced to concurrent terms of 91 months on Counts 1 and 4 and a 60-month consecutive term on Count 5. Docket No. 64. Miranda was released from the custody of the Bureau of Prisons on November 16, 2018, and is currently on Supervised Release. Miranda notes that his five-year

one count of 18 U.S.C. § 924(c) for possessing and carrying a firearm during a "crime of violence." Specifically, Count 5 of the indictment charged Miranda with carrying a firearm during a conspiracy to affect commerce by robbery, in violation of 18 U.S.C. § 1951(a) (conspiracy to commit Hobbs Act robbery).

In <u>Davis</u>, the Supreme Court struck the residual clause of 18 U.S.C. § 924(c) as "unconstitutionally vague." 139 S. Ct. at 2336. In the absence of the now-stricken residual clause, for an offense to qualify as a "crime of violence," it must fit into 18 U.S.C. § 924(c)'s force clause, meaning it must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). However, the "United States Solicitor General has conceded that conspiracy to commit Hobbs Act robbery does not meet the requirements of the force clause: 'A Hobbs Act conspiracy need not [] lead to the commission of the planned robbery, and thus such a conspiracy does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another," so as to qualify as a "crime of violence" under 18 U.S.C. 924(c)(3)(A)."'" Docket No. 78, p. 2 (quoting <u>United States v. Davis</u>, Brief for the United States, 2019 WL 629976, at *50 (citation omitted in original; brackets in original)). Post-<u>Davis</u>,

---

term of Supervised Release was based upon the 18 U.S.C. § 924(c) conviction and must be reduced to three-years; if his § 924(c) conviction is vacated, he will have over-served his sentence by five years. Docket No. 78, p. 1.

Miranda argues, Hobbs Act conspiracy categorically fails to qualify as a crime of violence. Therefore, his conviction on Count 2 is void. Id.

The Government has filed a Response (Docket No. 80) indicating its agreement with Miranda that, in light of Davis, his conviction under 18 U.S.C. § 924(c) (Count 5) must be vacated since the predicate offense is conspiracy to commit Hobbs Act robbery. The Government joins Miranda's request for a full resentencing hearing.

The Court agrees that Miranda's conviction and sentence on Count 5 violate Due Process and that he is entitled to relief under § 2255(b) in the form of a resentencing hearing to be held as soon as practicable. Accordingly, the Court **grants** the Supplemental § 2255 Motion (Docket No. 78) and the § 2255 Motion (Docket No. 55); **vacates** the judgment of conviction on Count 5; and remands the case for resentencing before the original sentencing judge, U.S. District Judge Charles J. Siragusa.

**SO ORDERED.**

*S/ Michael A. Telesca*

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: August 16, 2019
Rochester, New York